RIVERA ET AL., APPELLANTS, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

## APPEAL from a Decision of the Registrar of Property Refusing to Record a Possessory Title.

No. 284.—Decided July 26, 1916.

CAUTIONARY NOTICE — ADMINISTRATIVE APPEAL — COMPUTATION OF TIME. — The period of one hundred and twenty days prescribed by section 7 of the Act providing for appeals from the decisions of registrars of property, of March 1, 1902, should be computed as provided in section 388 of the Political Code, without excluding the holidays falling therein, but excluding the first day and including the last unless the last day is a holiday, in which case it is also excluded.

ID.—CURABLE DEFECT—RECORD OF TITLE—POSSESSORY TITLE PROCEEDING.—The statement by the registrar in his decision that the person in whose favor the cautionary notice of sale at public auction was made had presented a possessory title proceeding which, in his opinion, cured the defect which prevented the record of the said sale, cannot be considered inasmuch as it was presented after the expiration of the 120 days during which the cautionary notice was effective and after the appellant had presented his possessory title proceeding.

RECORD OF TITLE—CURABLE DEFECT—CIVIL STATUS.—Failure to set forth in a possessory title proceeding the civil status of the person or persons who have proved their right to possession constitutes a curable defect.

The facts are stated in the opinion.

*Mr. Luis Mendín* for the appellants.

The registrar appeared *pro se.*

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an administrative appeal involving the question of how the period of one hundred and twenty days, referred to in section 7 of the Act providing for appeals from the decisions of registrars of property, should be computed; whether by excluding all holidays or by following the rule laid down in section 388 of the Political Code.

The possessory title approved by the Municipal Court of Caguas in proceedings brought by María, Dionisia, Isabel, Juan, Porfiria, Dolores, Jael and Elías Rivera Negrón was presented in the Registry of Property of Caguas and the registrar refused to record the same for the reasons stated

in the following decision, from which the present appeal was taken:

"In conformity with the mandatory provision of article 17 of the Mortgage Law, admission to record of the foregoing instrument is denied and a caveat is entered in lieu thereof on the reverse side of page 218 of volume 17 of Aguas Buenas, property No. 849, entry letter C, for a period of one hundred and twenty days, because it appears from the registry that the property sought to be recorded was sold at public auction and a caveat of the said sale was entered for a period of one hundred and twenty days in favor of the purchaser, Pío Ramírez, on the reverse side of page 217 of the same volume and property, entry letter B, which caveat is still in force; it appearing further that Pío Ramírez has presented another proceeding together with his deed of purchase within the period of the said entry letter B, although subsequent to the presentation of the possessory proceeding, which instruments correct the defect causing the refusal, requesting, therefore, that the caveat of his right be converted into a record; and in compliance with article 393 of the said law, two copies of the said entry letter B have been issued—one to be delivered to the petitioner and the other to the municipal judge of this city who approved the possessory proceeding—a further curable defect having been noted in entry letter C in that the said instrument fails to state the civil status of the petitioners."

The possessory proceeding was presented in the registry of property on May 26, 1916. The caveat, by virtue of which the registrar refused its admission to record, was entered on January 13, 1916, to be effective for a period of one hundred and twenty days. If the time be computed according to section 388 of the Political Code, it expired on May 14, 1916, or some days before the presentation of the possessory proceeding, and consequently there would be nothing in the registry to prevent its admission to record. On the other hand, if holidays are excluded in computing the time, it must be admitted that the caveat was in force and therefore that the registrar was justified in refusing the record in question.

The Mortgage Law contains no definite provision on the point. In support of his theory the registrar relies on the

opinion of commentators Galindo and Escosura, who hold that in view of the wording of the said law holidays should be excluded because "the silence of the law should be construed in favor of the right of the registrant." · III Commentaries of Galindo and Escosura, 107.

The registrar also cites various royal orders and decisions tending to show that in computing the periods specified in the Mortgage Law holidays were always taken into consideration, and invokes article 258 of the Mortgage Law Regulations and the general practice followed, as he says, in Spain and Porto Rico.

However, even if the scope claimed by the registrar were given to the authorities cited and consequently it should be concluded—which we do not admit—that in computing the periods fixed by the Mortgage Law all holidays comprised therein must be excluded, even then the said authorities would not be applicable to this particular case, because the question under consideration is regulated by a recent enactment of the Legislative Assembly of Porto Rico and not by the provisions of the Mortgage Law.

The said enactment is the Act to provide for appeals from the decisions of registrars of property, approved March 1, 1902, or the same day on which the said Legislature approved the Political Code, whose section 388 provides that "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded."

And an examination of the original English text of section 7 of the said Act shows still more conclusively that the provision of the Political Code should be applied in computing the time fixed in the said section, for instead of saying that the entry made by the registrar when he refuses to record a document "shall have legal effect during one hundred and twenty days from its date," it provides that such entry "shall have effect only during *four months* from the date thereof." According to subdivision 4 of section

392 of the Political Code, the word "month" means a calendar month unless otherwise expressed; and according to section 8 of the Civil Code, if months are referred to in the laws it shall be understood that they consist of thirty days.

"It is true," said this court on January 29, 1908, "there have been cases, when our rules were comparatively new, where the court has excluded Sundays and legal holidays. Perhaps we have the right to interpret our rules in this manner, although a different construction would be necessary in case of a statute. Be that as it may, this court in the case of *Ricardo Ortiz Ríos* v. *Trinidad Molina,* decided December 31, 1907 (13 P. R. Rep. 388), held by implication that Sundays and legal holidays were not to be included. Section 388 of the Political Code provides that the time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded. The law therefore says that the only time a Sunday or holiday is to be excluded is when it is the last day. The doctrine of *expressio unius est exclusio alterius* applies here and fixes the criterion by which legal terms must be determined." *Abril* v. *Moreno et al.,* 14 P. R. R. 7.

And on March 27 of the same year this court repeated:

"We have had occasion in the case of *Osvaldo Abril* v. *Moreno,* 10 P. R. Rep., p. 484, to construe that section with respect to the time in which an appeal may be taken by virtue of section 295 of the Code of Civil Procedure. The decision in the Mojica case favors the contention of the appellant. However, we were then following the practice which had been in force under the old Code of Civil Procedure, as the court understood it, and our attention had not been drawn to section 388 of the Political Code." *Antongiorgi* v. *Antongiorgi,* 14 P. R. R. 263.

The circumstance referred to by the registrar in the decision appealed from, that the person in whose favor the caveat was entered had presented in the registry another possessory proceeding which in the opinion of the said registrar corrected the defect which prevented the recording of the sale at public auction, cannot be taken into account inasmuch as the said proceeding was presented after the presen-

tation of the proceeding presented by the appellants María Dionisia, Isabel, Juan, Porfilia, Dolores, Jael and Elías Rivera Negrón.

In view of all the foregoing, we are of the opinion that the decision appealed from should be reversed and the registrar ordered to make the record requested with the curable defect assigned by him which, in our opinion, exists.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.